IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| WALKER RV CENTER, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-835-D |
| | ) | |
| PILGRIM INTERNATIONAL, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court on Plaintiff's response to the Order of February 12, 2009 [Doc. No. 27], directing Plaintiff to show cause for the lack of timely service on Defendants Doug Lance and John Sellers.

Plaintiff first states its intention to dismiss without prejudice Defendant Sellers, now correctly identified as John Sells. Because no defendant has answered or moved for summary judgment, Plaintiff may voluntary dismiss its action against Defendant Sellers pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) by simply filing notice of the dismissal. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (plaintiff's notice effects a dismissal under Rule 41(a)(1); "no action is required on the part of the court"); *see also Netwig v. Georgia Pacific Corp.*, 375 F.3d 1009, 1010 (10th Cir. 2004).

Second, Plaintiff explains its failure to serve Defendant Lance, now correctly identified as Doug Lantz, as caused by discussions with counsel for Defendant David Hoeffer and a decision to delay service pending a decision by the Court of jurisdictional issues raised by Defendant Hoeffer.

Plaintiff also requests that the Court exercise its discretion under Fed. R. Civ. P. 4(m) to grant an extension of time for service.

Upon consideration, the Court finds that Plaintiff has failed to show good cause for lack of timely service. Although the court of appeals has not conclusively defined "good cause" for purposes of Rule 4, the court "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 174 (10th Cir. 1996); *see also Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994) ("[T]he 'good cause' provision of Rule 4(j) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.") (internal quotation omitted). In this case, Plaintiff made no effort to serve Defendant Lance and apparently made a conscious decision to delay service because "Plaintiff did not want to spend additional resources" until the Court issued a jurisdictional ruling. *See* Pl.'s Resp. at 4.

The question thus becomes whether the Court should exercise its discretion to allow additional time for service under Rule 4(m). *See Espinoza*, 52 F.3d at 840-41 ("If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."). Under the circumstances, where the case remains pending and no deadlines have been set, the Court finds that Plaintiff's request for an extension of time to serve Defendant Lance should be granted.

IT IS THEREFORE ORDERED that the Court extends the time limit for service pursuant to Rule 4(m) and directs Plaintiff to effect service of process on Defendant Lance within 30 days from the date of this Order.

IT IS FURTHER ORDERED that, upon Plaintiff's notice of voluntary dismissal, Defendant Sellers is dismissed without prejudice.

IT IS SO ORDERED this 26th day of February, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE